**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Garland BATTEN, Defendant– Appellant.**

**No. 02–3619.**

United States Court of Appeals, Sixth Circuit.

Aug. 20, 2003.

Robert E. Bulford, Asst. U.S. Attorney, Akron, OH, for Plaintiff–Appellee.

Robert Smith, III, Cleveland, OH, for Defendant–Appellant.

Before BOGGS and SILER, Circuit Judges; and RICE, District Judge.*

---

* The Honorable Walter Herbert Rice, United States Chief District Judge for the Southern District of Ohio, sitting by designation.

**832**

*ORDER*

Garland Batten, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In December 2001, a grand jury charged Batten with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Although trial was set for February 2002, Batten did not appear, and an arrest warrant was issued. The warrant was returned, and trial commenced on February 20, 2002. The jury found Batten guilty of two counts of being a felon in possession of a firearm, and he was sentenced to sixty-eight months of imprisonment. In his timely appeal, Batten argues that: 1) the district court improperly denied his motion to suppress evidence; and 2) his convictions are contrary to the manifest weight of the evidence.

Upon review, we conclude that the district court properly denied Batten's motion to suppress. A decision on a motion to suppress evidence is reviewed under two separate standards. First, this court will uphold a district court's factual findings unless they are clearly erroneous. Second, review of the district court's legal determination as to probable cause is de novo. *See United States v. Hill,* 195 F.3d 258, 264–65 (6th Cir.1999). This court will view the evidence adduced during a suppression hearing in the light most favorable to the government. *See id.*

■ The record reflects that the police officers had a reasonable basis to stop Batten's car, and then to conduct a search of Batten and the car. Officers Anthony Kelly and John Ross observed Batten, around midnight on September 16–17, 2001, driving in an older pick-up truck. During the hearing on Batten's motion to suppress, the officers testified that Officer Ross ran the license plate through the Bureau of Motor Vehicles (BMV), and discovered that the plate was registered to another vehicle. After Ross ran the license plate number, the officers observed the driver of the truck pull into a driveway and turn the lights off. The officers proceeded to the end of the block they were driving on and then saw the truck backing away from the driveway. The officers watched the truck, and eventually they observed the driver back into a vacant lot. The officers turned on their overhead lights, and the driver exited the vehicle and started to walk away. Although the officers told him to get back in the truck, he proceeded to the rear of the passenger compartment and adjacent to the truck bed. Officer Kelly opened the driver's side door and motioned for the driver to get back into the truck. After opening the door, Officer Kelly observed an open container of beer spilling on the driver's side floor of the truck. Officer Kelly informed Batten that he was under arrest for an "open container."

Based on the above, the officers had a reasonable basis to stop the truck. The officers had probable cause to believe that Batten was violating a state motor vehicle law requiring that each motor vehicle be registered and to have the license tag assigned to it displayed on the rear and front of the vehicle. *See* Oh. Rev.Code §§ 4503.11, 4503.12, and 4549.08(c). The officers had determined that the license plates on the truck belonged to another vehicle when they ran the plate through the BMV. Both officers testified that they run license plate checks on almost all vehicles they encounter during their shift, as a way of discovering stolen vehicles and other problems. Moreover, there is no case law indicating that there can be any reasonable expectation of privacy in license plates which are required by law to be displayed in public on the front and rear of any vehicle on a public street. Clearly,

the officers had probable cause to believe that a violation of the law had occurred and they properly determined that they had authority to stop the truck and investigate further. *Whren v. United States,* 517 U.S. 806, 811–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

■ The officers also had probable cause to search both the vehicle and Batten. As stated above, while investigating the violation of state law, Officer Kelly discovered an open container of beer inside the truck. After Batten was arrested and placed in the police car, Officer Kelly returned to the spot near the truck bed where Batten had been standing and found a bag with a gun in it. Officer Ross inventoried the truck and discovered bags in the truck that were identical to the bag in which Officer Kelly had found the gun. Based on the above, the police officers clearly had probable cause to suspect that Batten was engaged in criminal activity.

We also conclude that the government presented sufficient evidence to support Batten's convictions. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This court draws all available inferences and resolves all issues of credibility in favor of the verdict, and it is not necessary for the court to exclude every reasonable hypothesis but guilt. *United States v. Jones,* 102 F.3d 804, 807 (6th Cir.1996). Circumstantial evidence alone is sufficient to sustain a conviction, and such evidence need not remove every reasonable hypothesis except that of guilt. *Id.* In assessing the sufficiency of the evidence, the court does not weigh the evidence or assess the credibility of the witnesses. *United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir.1995). In order to obtain a conviction for being a convicted felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the United States was required to prove that: 1) Batten was convicted of a felony punishable by impris-onment for more than one year; 2) Batten knowingly possessed the firearm specified in the indictment; and 3) the firearm specified in the indictment traveled in or affected interstate commerce. *United States v. Moreno,* 933 F.2d 362, 372 n. 1 (6th Cir. 1991).

■ The government presented sufficient evidence to support Batten's conviction. First, Batten stipulated at trial that he had previously been convicted of a crime punishable by a term of imprisonment in excess of one year. Second, a government witness (Agent Vouvalis) testified that the firearm had been manufactured in Germany, and thus had been previously shipped in interstate and foreign commerce. Another witness (Agent Guerra) testified that the weapon was in working condition. Finally, the government presented sufficient circumstantial evidence that Batten had knowingly possessed the firearm in question. The arresting officers testified that, when they activated their overhead lights to pull Batten over, he exited the truck and proceeded towards the area near the bed of the truck. Moreover, after Batten was arrested and placed in the cruiser, Officer Kelly went to the spot where Batten had been standing and discovered a bag with a handgun in it. The officers' testimony indicated that, although it was a cool night and dew was on the ground, the bag containing the gun was dry and the gun itself was warm to the touch. In addition, the bag containing the gun was identical to other bags found inside the truck. Although the officers acknowledged that they did not collect the bags from the truck or mark them as evidence, the officers prepared a report the same evening and noted that a bag identical to the one containing the gun was found inside the vehicle. This evidence was sufficient to permit the jury to infer that Batten had

exited the truck with the gun and that he had dropped it to the ground prior to being arrested.

Accordingly, we affirm the judgment of conviction and sentence.